NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SHERRY SCALERCIO-ISENBERG and MARCUS K. ISENBERG, <br><br>  Plaintiffs, <br><br> v. <br><br> SELECT PORTFOLIO SERVICING, INC., <br><br> Defendant. | Civ. No. 20-4501 <br><br> **OPINION** |

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon the Motion to Dismiss filed by Defendant Select Portfolio Servicing, Inc. ("Defendant"). (ECF No. 7.) Plaintiffs Sherry Scalercio-Isenberg and Marcus K. Isenberg (collectively, "Plaintiffs") have not opposed. The Court has decided the Motion based upon the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Motion to Dismiss is granted.

## BACKGROUND

Plaintiffs, appearing *pro se*, allege fraudulent conduct by Defendant, their mortgage servicer. Specifically, Plaintiffs assert that although they regularly submitted their monthly mortgage payments to Defendant on time, Defendant did not immediately credit the payments and instead held the money in a "suspense" account. (Compl. at 3, ECF No. 1.) Plaintiffs allege that Defendant then reported "false late payment status to all the Credit Reporting agencies, knowing the Credit Reporting Agencies w[ould] immediately[] post the false data . . . causing

1

financial damages." (*Id.*) Plaintiffs aver that by intentionally furnishing false credit information, Defendant continues to deny them all legitimate mortgage re-financing options. (*Id.* at 4.) Additionally, Plaintiffs allege that Defendant opened an unauthorized escrow account in Plaintiffs' name and improperly charged Plaintiffs for "escrow taxes and insurance." (*Id.* at 5–6.)

On April 20, 2020, Plaintiffs filed the Complaint alleging the following counts: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; (2) mortgage fraud under the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-19 *et seq.*; (3) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (4) extortion; and (5) money laundering. (*Id.* at 5–6.) On May 28, 2020, Defendant filed a Motion to Dismiss. (ECF No. 7.) Plaintiffs did not respond to the Motion on the docket. However, Defendant states that it received a document titled "Opposition to the Motion" from Plaintiffs via email on July 14, 2020, three weeks past the deadline for filing an opposition. (Reply at 2, ECF No. 9.) On July 16, 2020, Defendant filed a Reply. (ECF No. 9.) The Motion to Dismiss is presently before the Court.

## **LEGAL STANDARD**

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court conducts a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). "Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting

*Iqbal*, 556 U.S. at 679). The court must accept as true all well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). Third, the court must determine whether the facts "plausibly give rise to an entitlement for relief." *Malleus*, 641 F.3d at 563 (quoting *Iqbal*, 556 U.S. at 679); *see also Fowler*, 578 F.3d at 211. A complaint that does not demonstrate more than a "mere possibility of misconduct" must be dismissed. *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679). While courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Although a district court generally must confine its review to the pleadings on a Rule 12(b)(6) motion, *see* Fed. R. Civ. P. 12(d), "a court may consider certain narrowly defined types of material" beyond the pleadings, *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999). The court may consider "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) (citation omitted).

## DISCUSSION

**I.     Settlement Agreement**

Defendant first argues that Plaintiffs' claims are barred by a January 15, 2020 Confidential Settlement and Release Agreement ("Settlement Agreement"). (Mot. at 6–8, ECF No. 7.) Defendant attempts to introduce a copy of the Settlement Agreement, in which Plaintiffs agreed to release Goldman Sachs Mortgage Company "and its servicers" from any and all claims

3

"relating to, arising out of, or in connection with the Loan, the Mortgage and the Property." (Settlement Agreement ¶ 3, Bailey Decl. Ex. 2, ECF No. 7-3.) However, the Settlement Agreement is not integral to or specifically relied upon in the Complaint, nor is it a matter of public record or subject to judicial notice. Therefore, the Court cannot consider the Settlement Agreement in its Rule 12(b)(6) analysis. Although the Court may choose to convert the Motion into a motion for summary judgment, *see* Fed. R. Civ. P. 12(d), the Court will not do so here because no discovery has been conducted and Plaintiffs were not put on notice that the Court might construe the Motion to Dismiss as one for summary judgment, *cf. Giaconne v. Canopius U.S. Ins. Co.*, 133 F. Supp. 3d 668, 672–73 (D.N.J. 2015) (converting a motion to dismiss into a motion for summary judgment under Rule 12(d) where the movant "frame[d] the motion to dismiss in the alternative as one for summary judgment," such that "the motion itself put[] the non-moving party on sufficient notice that the Court might treat the motion as one for summary judgment"). Accordingly, the Settlement Agreement is excluded at this stage.

**II.     Fair Credit Reporting Act**

The Complaint asserts that Defendant violated the FCRA by intentionally reporting false and damaging credit information to three credit reporting agencies, causing financial loss to Plaintiffs. (Compl. at 5.) The FCRA provides that persons who furnish data to consumer reporting agencies must provide accurate information. 18 U.S.C. § 1681s-2(a). However, no private right of action exists under that provision. *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011) (citing 15 U.S.C. § 1681s-2(c)–(d)). Instead, a plaintiff may only bring a claim against a furnisher of credit information, based on a failure to furnish correct information to a consumer reporting agency, where (1) the plaintiff sent a "notice of disputed information to a consumer reporting agency," (2) the consumer reporting agency then notified the furnisher of the

4

dispute, and (3) the "furnisher failed to investigate and modify the inaccurate information." *Henderson v. Equable Ascent Fin., LLC*, 2011 WL 5429631, at *3 (D.N.J. Nov. 4, 2011) (citations omitted). "The furnisher's duty to investigate is not triggered until it receives notice from the credit reporting agency of the consumer's dispute." *Id.* (citations omitted).

The Complaint asserts that Plaintiffs "notified and disputed the false credit data many times to all the credit reporting agencies, in addition to the Defendant," and Defendant refused to correct the false information. (Compl. at 8, 12.) However, the Complaint fails to allege that the credit reporting agency notified Defendant of the dispute, such that Defendant's duty to investigate was triggered. Therefore, the Complaint fails to state a claim under the FCRA, and Count 1 of the Complaint is dismissed.

## III.     New Jersey Consumer Fraud Act

The factual basis for Plaintiff's NJCFA claim is that Defendant opened an unauthorized escrow account under Plaintiffs' names and then charged Plaintiffs for "escrow taxes and insurance." (Compl. at 5–6.) In response, Defendant provides the Mortgage, which contains a provision regarding escrow items. (Mortgage ¶ 3, Bailey Decl. Ex. 1, ECF No. 1.)[1] Under this provision, escrow items include taxes and assessments, leasehold payments, premiums for any insurance required under the Mortgage, and mortgage insurance premiums. (*Id.*) The Mortgage provides that the "Borrower shall pay Lender the Funds for Escrow Items." (*Id.*) Alternatively, the Borrower may pay the escrow items directly and, if the Borrower fails to meet these payments, the Lender may "pay such amount and Borrower shall then be obligated . . . to repay to Lender any such amount." (*Id.*)

---

[1] Unlike the Settlement Agreement, the Mortgage is integral to and specifically relied upon in the Complaint, such that the Court may consider it at this juncture.

5

Defendant asserts that Plaintiffs have failed to pay their property taxes in full, creating a deficit that resulted in the proper establishment of an escrow account pursuant to the Mortgage. (Mot. at 12.) Defendant attaches several tax documents from Sparta Township to prove this deficit. (Bailey Decl. Exs. 3, 4, ECF Nos. 7-4, 7-5.) However, these documents are outside the pleadings and cannot be considered at the motion-to-dismiss stage. Because the Court cannot consider these documents and must construe the facts in the light most favorable to Plaintiffs, the Court finds that it is plausible that, if Plaintiffs were not deficient in any of their payments, the creation of the escrow account may have been improper.

Still, the Court finds that Plaintiffs have failed to state a claim under the NJCFA. The NJCFA only covers unlawful conduct "in connection with the sale or advertisement of any merchandise or real estate." N.J. Stat. Ann. § 56:8-2. Plaintiffs' claim—that a mortgage servicer created an improper escrow account and added unwarranted fees to their mortgage payments—is not in connection with the sale or advertisement of merchandise or real estate. Although courts have applied the NJCFA where a mortgage servicer has made misrepresentations to a mortgagor, those cases involved misrepresentations made during a mortgage modification. *See Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 594 (D.N.J. 2016); *Laughlin v. Bank of Am., N.A.*, 2014 WL 2602260, at *6 (D.N.J. June 11, 2014) ("Just as fraud, deception, and other similar types of conduct are not justified in forming a loan . . . so are they not permitted in attempts to modify a loan."). The present allegations do not arise in the context of either the formation or modification of the mortgage loan. Therefore, Plaintiffs' claim involving the unauthorized escrow accounts are not covered under the NJCFA. Accordingly, Count 2 of the Complaint is dismissed.

### IV.   Fair Debt Collection Practices Act

Plaintiffs allege that Defendants violated the FDCPA by sending monthly mortgage debt collection statements that intentionally omitted the mortgage payments paid by Plaintiffs. (Compl. at 6.) Defendant asserts that it is not a debt collector within the meaning of the FDCPA, and therefore is not subject to liability under the statute. (Mot. at 17.) The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The statute excludes "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . *concerns a debt which was not in default at the time it was obtained by such person*." § 1692a(6)(F) (emphasis added). Therefore, "the servicer of a residential mortgage loan is not a 'debt collector' if the loan in question is not in default when acquired by the servicer." *Block*, 221 F. Supp. 3d at 588 (citations omitted). The Complaint does not indicate that the mortgage loan was in default when Defendant became the mortgage servicer. Therefore, Plaintiff has not plausibly pleaded that Defendant was a debt collector under the FDCPA, and Count 3 of the Complaint is dismissed.

### V.   Extortion and Money Laundering

Plaintiffs also assert claims of extortion and money laundering under New Jersey law. (Compl. at 12–13 (citing N.J. Stat. Ann. § 2C:20-5, the criminal statute for theft by extortion).) However, "New Jersey does not recognize a civil cause of action for extortion." *Pegasus Blue Star Fund, LLC v. Canton Prods., Inc.*, 2009 WL 3246616, at *2 (D.N.J. Oct. 6, 2009) (citing *Dello Russo v. Nagel*, 817 A.2d 426, 434 (N.J. Super. Ct. App. Div. 2003). Similarly, New

Jersey only has a criminal money laundering statute. *See* N.J. Stat. Ann. § 2C:21-25. Therefore, Counts 4 and 5 of the Complaint are dismissed.

## VI.     Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure allows amendment of the pleadings with the court's leave, which should be given freely. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Plaintiffs are therefore granted leave to file an amended complaint to cure any deficiencies within fourteen (14) days of the entry of the Court's accompanying Order, in accordance with Local Civil Rule 15.1(b).

## **CONCLUSION**

For the foregoing reasons, the Motion to Dismiss (ECF No. 7) is granted. An appropriate Order will follow.


Date: <u>September 30, 2020</u>                                          */s/ Anne E. Thompson*
                                                                                                      ANNE E. THOMPSON, U.S.D.J.