NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SHERRY SCALERCIO-ISENBERG and MARCUS K. ISENBERG, | |
| Plaintiffs, | Civ. No. 20-4501 |
| v. | **OPINION** |
| SELECT PORTFOLIO SERVICING, INC., | |
| Defendant. | |

THOMPSON, U.S.D.J.

**INTRODUCTION**

This matter comes before the Court upon the Motion to Dismiss the First Amended Complaint filed by Defendant Select Portfolio Servicing, Inc. ("Defendant"). (ECF No. 19.) Plaintiffs Sherry Scalercio-Isenberg and Marcus K. Isenberg (collectively, "Plaintiffs") oppose. (ECF No. 20.) The Court has decided the Motion based upon the written submissions of the parties and without oral argument, pursuant to Local Civil Rule 78.1(b). For the reasons stated herein, the Motion is granted.

**BACKGROUND**

Plaintiffs allege fraudulent conduct by Defendant, their mortgage servicer. Plaintiffs assert that although they regularly made their mortgage payments on time, Defendant held their money in a "suspense" account. (Am. Compl. at 14, ECF No. 16.) They allege that Defendant then reported "false late payment status to all the Credit Reporting agencies." (*Id.*) Plaintiffs also

1

assert that Defendant opened an unauthorized escrow account in Plaintiffs' name and improperly charged them for escrow fees and taxes. (*Id.* at 13, 16, 23.)

On April 20, 2020, Plaintiffs filed the original Complaint. (ECF No. 1.) Defendant filed a Motion to Dismiss (ECF No. 7), which the Court granted (ECF No. 14). The Court also granted Plaintiffs fourteen days leave to file an amended complaint. (*Id.*)[1] Plaintiffs timely filed an Amended Complaint, which brings five counts: (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*; (2) mortgage fraud under the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-19 *et seq.*; (3) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (4) extortion; and (5) money laundering. (Am. Compl. at 15–17.) Defendant moved to dismiss the Amended Complaint. (ECF No. 19.) Plaintiffs filed an Opposition (ECF No. 20) and Defendant filed a Reply (ECF No. 22). Defendant's Motion to Dismiss is presently before the Court.

## **LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of a complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting

---

[1] In the Court's previous Opinion accompanying the Order dismissing Plaintiffs' Complaint, the Court noted that Plaintiffs did not file an Opposition on the docket, but did appear to send their Opposition to Defendant via e-mail. (*See* Op. at 2, ECF No. 13.) Plaintiffs spend a significant portion of their Amended Complaint discussing the issues they experienced filing their Opposition in that instance. (*See* Am. Compl. at 2–6, ECF No. 16.) For the sake of clarity, the Court emphasizes that it has received and reviewed Plaintiffs' Opposition to the present Motion (ECF No. 20).

*Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must "review[] the complaint to strike conclusory allegations." *Id.*; *see also Iqbal*, 556 U.S. at 679. Finally, the court must assume the veracity of all well-pleaded factual allegations and "determine whether the facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679); *see also Malleus*, 641 F.3d at 563. If the complaint does not demonstrate more than a "mere possibility of misconduct," it must be dismissed. *See Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 190 (3d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 679).

## **DISCUSSION**

Plaintiffs' Amended Complaint is substantially the same as Plaintiffs' original Complaint. Defendant argues that the Amended Complaint should be dismissed because "[t]he facts in this matter remain unchanged and Plaintiffs failed to correct the deficiencies that resulted in the dismissal of the first Complaint." (Def.'s Br. at 1, ECF No. 19-1.) The Court agrees. Each of Plaintiffs' claims are addressed in turn.

### I.  **Fair Credit Reporting Act**

The Amended Complaint, like the original Complaint, asserts that Defendant violated the FCRA by intentionally reporting false credit information to credit reporting agencies. (Am. Compl. at 15.) The FCRA provides that persons who furnish data to consumer reporting agencies must provide accurate information. 18 U.S.C. § 1681s-2(a). However, a plaintiff may only bring a claim against a furnisher of credit information, based on a failure to furnish correct information to a consumer reporting agency, where (1) the plaintiff sent a "notice of disputed information to a consumer reporting agency," (2) the consumer reporting agency then notified the furnisher of the dispute, and (3) the "furnisher failed to investigate and modify the inaccurate information."

*Henderson v. Equable Ascent Fin., LLC*, 2011 WL 5429631, at *3 (D.N.J. Nov. 4, 2011) (citations omitted).

The Amended Complaint asserts that Plaintiffs notified Defendant and the credit reporting agencies about the disputed information, but does not allege that the credit reporting agency notified Defendant of the dispute, such that Defendant's duty to investigate was triggered. Therefore, the Amended Complaint fails to state a claim under the FCRA, and Count 1 of the Amended Complaint is dismissed.

### III.  New Jersey Consumer Fraud Act

Plaintiffs' NJCFA claim also remains unaltered. Plaintiffs allege that Defendant opened an unauthorized escrow account that was used to pay Sparta Township taxes, where Plaintiffs reside. (*Id.* at 16.) Plaintiffs allege that at one point, these payments were being sent to Montgomery County in Georgia, rather than Sparta Township. (*Id.*)

The Court finds that Plaintiffs have failed to state a claim under the NJCFA. The NJCFA only covers unlawful conduct "in connection with the sale or advertisement of any merchandise or real estate." N.J. Stat. Ann. § 56:8-2. The Amended Complaint does not allege conduct in connection with the sale or advertisement of merchandise or real estate. Accordingly, the NJCFA is not applicable, and Count 2 of the Amended Complaint is dismissed.

### IV.  Fair Debt Collection Practices Act

Plaintiffs allege that Defendant violated the FDCPA by sending "monthly mortgage debt collection statements with false, erroneous information" that "intentionally omit" on-time payments. (Am. Compl. at 17.) Defendant again asserts that it is not a debt collector within the meaning of the FDCPA. (Def.'s Br. at 10.)

"The servicer of a residential mortgage loan is not a 'debt collector' if the loan in question is not in default when acquired by the servicer." *Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 588 (D.N.J. 2016) (citations omitted). The Amended Complaint does not indicate that the mortgage loan was in default when Defendant became the mortgage servicer. Therefore, Plaintiffs have not plausibly pled that Defendant was a debt collector under the FDCPA, and Count 3 of the Amended Complaint is dismissed.

### V.     Extortion and Money Laundering

Lastly, Plaintiffs bring claims of extortion and money laundering under New Jersey law. (Am. Compl. at 17, 23–27.) New Jersey does not recognize a civil cause of action for extortion. *Dello Russo v. Nagel*, 817 A.2d 426, 434 (N.J. Super. Ct. App. Div. 2003). Similarly, New Jersey only has a criminal money laundering statute. *See* N.J. Stat. Ann. § 2C:21-25. Therefore, Counts 4 and 5 of the Amended Complaint are dismissed.

### VI.    Leave to Amend

"In non-civil rights cases, the settled rule is that properly requesting leave to amend a complaint requires submitting a draft amended complaint." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252–53 (3d Cir. 2007). Any failure to do so is "fatal" to a request to amend. *Id.* at 253. Here, Plaintiffs have not requested leave to amend and have not submitted a draft amended complaint. Thus, the Court will not grant Plaintiffs leave to amend the Amended Complaint.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss to Amended Complaint (ECF

No. 19) is granted. An appropriate Order will follow.

Date: January 27, 2021                                          */s/ Anne E. Thompson*
                                                                                                           ANNE E. THOMPSON, U.S.D.J.